**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **HERBEY GARCIA ARMENDARIZ,** | § | |
| **Petitioner** | § | |
| | § | |
| **v.** | § | **A-09-CA-170 SS** |
| | § | |
| **CLAUDE MAYE, Warden, FCI Bastrop,** | § | |
| **Respondent** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE SAM SPARKS
        UNITED STATES DISTRICT JUDGE

Before the Court are Herbey Garcia Armendariz's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed March 9, 2009 (Clerk's Docket No. 1); Memorandum in Support of Petition, filed March 9, 2009 (Clerk's Docket No. 2); Petitioner's Affidavit of Unclean Hands in Support of 28 U.S.C. § 2241 Writ of Habeas Corpus, filed March 18, 2009 (Clerk's Doc. No. 6); Advisory to the Court, filed March 26, 2009 (Clerk's Doc. No. 8); Motion for Order to Examine Plaintiff's Eyes or in the Alternative Motion to Return Plaintiff to General Population, filed April 8, 2009 (Clerk's Doc. No. 9); Memorandum to the Court, filed May 6, 2009 (Clerk's Doc. No. 10); Respondent's Response and Motion to Deny Petition and Dismiss Case, filed May 18, 2009 (Clerk's Doc. No. 11); Petitioner's Motion to Deny Respondent's Motion to Dismiss Petitioner's 28 U.S.C. § 2241, filed June 8, 2009 (Clerk's Doc. No. 12); Petitioner's Motion to Dismiss Paragraph 2 of Anne Felts Declaration, filed June 8, 2009 (Clerk's Doc. No. 13); Memorandum in Support of Petitioner's 28 U.S.C. § 2241, filed June 8, 2009 (Clerk's Doc. No. 14); Petitioner's "Judicial Notice," filed June 9, 2009 (Clerk's Doc. No. 15); and Respondent's Response to Petitioner's Motion to Deny Respondent's Motion to Dismiss and Respondent's Response to Petitioner's Motion to Dismiss Paragraph 2 of Anne Felts Declaration, filed June 17, 2009 (Clerk's Doc. No. 16). The

undersigned Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. BACKGROUND

On March 9, 2009, Petitioner, an inmate at FCI Bastrop, filed his habeas petition and memorandum of law. Petitioner alleges that the Bureau of Prisons (BOP) placed him in administrative segregation in the Special Housing Unit (SHU) on January 16, 2009, pending an investigation into an assault on an inmate. Petitioner states that he was put in the SHU because of a case of "mistaken identity and unreliable hearsay." Petitioner generally alleges conditions of confinement civil rights violations as a result of his placement in the SHU.[1] Petitioner requests that the Court order Warden Claude Maye "to release [Petitioner] back to the prison general population or transfer him [to another prison] immediately."[2]

## II. DISCUSSION

As a threshold matter, the Court must determine whether Armendariz's claims are properly raised in a section 2241 habeas petition. Section 2241 is the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). However, Armendariz is complaining that he is being deprived of necessary

---

[1]Specifically, Petitioner alleges that prison officials have refused to provide for his special medical needs in violation of the Eighth Amendment, that he has been made to suffer excessive lock down as discipline without due process, and that prison officials have violated his First Amendment right to practice his religion by being placed in the SHU.

[2]Petitioner also filed various pleadings on March 26, 2009, April 8, 2009, and May 6, 2009, generally alleging complaints about his placement in the SHU, the conditions of confinement in the SHU, and his inability to receive eyeglasses.

medical care in prison, that he is suffering from excessive discipline, and that he is not able to freely practice his religion while in the SHU. Such claims are an attack on the conditions of his confinement and are not cognizable in a habeas petition. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994) ("The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement."); *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976) ("Simply stated, habeas is not available to review questions unrelated to the cause of detention"). *See also McDowell v. Aguirre*, 156 F.3d 182, WL 546501, at *1 (5th Cir. 1998) (petition which does not challenge fact or duration of confinement, but rather conditions of confinement raises civil rights claims). Accordingly, Armendariz has not shown he is entitled to habeas relief.

Moreover, even assuming his claims could be brought in a section 2241 habeas petition, Petitioner's claims must be dismissed because Armendariz failed to exhaust his administrative remedies. *See* Respondent's Response at Exhibit D, Declaration of Mike Flagor; Respondent's Response at Exhibit E, Declaration of Richard Perez. Petitioner must exhaust his administrative remedies before seeking 28 U.S.C. § 2241 habeas relief. *See United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) ("exhaustion of administrative remedies is a prerequisite to filing a section 2241 petition"); *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (a petitioner seeking habeas relief under Section 2241 "must first exhaust his administrative remedies through the Bureau of Prisons"); *Jones v. United States District Court*, No. A-07-CA-492-SS, 2007 WL 863541, *1 (W.D.

Tex. June 28, 2007) (Austin, Mag. J.) (recommending dismissal of Section 2241 petition for failing to exhaust administrative remedies).[3]

### III. MISCELLANEOUS MOTION

On June 8, 2009, Petitioner filed, among other things, a "Motion to Dismiss Paragraph 2 of Anne Felts Declaration," in which he argues that paragraph two of Ms. Felts' affidavit should be disregarded. Because the Court does not rely on paragraph two of Ms. Felts' affidavit, the Court DENIES AS MOOT Petitioner's Motion to Dismiss Paragraph 2 of Anne Felts Declaration (Clerk's Doc. No. 13).

### IV. RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Respondent's Motion to Deny Petition and Dismiss Case (Clerk's Doc. No. 11). The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** Petitioner's Application for Habeas Corpus Under 28 U.S.C. § 2241, et. seq., (Clerk's Dkt. #1). **FINALLY**, the undersigned **RECOMMENDS** that the District Judge **DENY** all other pending motions in this matter.

### V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

---

[3]For the same reasons, Petitioner's motion seeking an order mandating an eye exam and eyeglasses, or, in the alternative, a return to the general population, should be denied. Petitioner has failed to exhaust his administrative remedies on this claim, and section 2241 is not the proper vehicle to seek this relief.

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 23rd day of June, 2009.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE